RANDOLPH ET AL. v. HALDEN ET AL.

1. **Contract:** MINES: REMOVAL OF PILLARS. The lease of a coal mine stipulated that the lessee was to leave the mine in good working condition at the expiration of the lease: *Held*, that he could not remove the supports and pillars from the mine, even after the supply of coal was exhausted.

2. ———: CUSTOM. A contract cannot be controlled by a custom which the parties have expressly excluded or which they have excluded by necessary implication.

*Appeal from Warren Circuit Court.*

WEDNESDAY, OCTOBER 18.

THE object of this action is to restrain the defendants, by injunction, from removing certain supports in a coal mine

leased by the defendants of the plaintiffs. The Circuit Court found for the plaintiffs and entered a decree accordingly, and the defendants appeal.

*H. McNeil*, for appellants.

*Bryan & Seevers*, for appellees.

SEEVERS, CH. J.—The plaintiffs, being the owners of certain lands which were underlaid with coal, leased to the defendants the right to mine coal thereon for the period of five years from March, 1871. The plaintiffs claim that among other terms and conditions of the lease, the defendants were to leave the mine in good working condition at the termination of the lease, and the defendants claim they were to leave the mine in as good condition as was customary among miners. The decided weight of the testimony is in favor of the claim made by the plaintiffs, and under the evidence it sufficiently and satisfactorily appears that defendants were to leave the mine in good working condition at the termination of the lease.

1. CONTRACT: mines : removal of pillars.

To properly mine coal, certain supports, consisting of wooden posts or props, are required, and also pillars of coal are left at intervals, for the purpose of supporting the roof of the mine or the overlying surface. It is customary among miners, when the coal is exhausted, to remove these posts and pillars, or at least the latter, and the defendants, under the claim that the coal was exhausted, commenced to remove these pillars; in consequence or by reason of their so doing, the roof fell in and there was a depression on the surface of the ground caused thereby.

It is made manifest if the pillars are removed the mine will not be and cannot be left in a working condition at the expiration of the lease, and it is also manifest that the removal of the pillars of coal will cause depressions on the surface of the ground.

The grounds upon which defendants seek to justify their right to remove the pillars can be best stated in the language of their counsel, as follows: "The only ground on which

Randolph v. Halden.

plaintiffs can recover, if at all, is that there was a special contract by which defendants were to leave said mine in good working order, whether the coal had been exhausted at the time they quit working or not. We do not think plaintiffs can recover upon their own showing when we take into consideration that the evidence shows conclusively that the coal had all been taken from the bank except the pillars at the time of the commencement of the suit."

Inasmuch as we have determined there was a special contract that the mine should be left in good working condition, it only remains to consider what effect on such contract has the fact that all the coal except the pillars had been exhausted.

There was nothing said at the time the contract was made in relation to the removal of the pillars, nor was the subject of the exhaustion of the coal mentioned or seemingly contemplated by either party. The contract in plain and positive terms required that the mine should at the expiration of the lease be left in good working condition. It will not be in this condition if the pillars are removed. It necessarily follows that to remove the pillars constitutes a breach of the contract; and this result cannot be affected or changed by the fact that the coal is exhausted.

If it be admitted that the plaintiff can have no use for the mine if there is no coal, or if we go a step farther and admit it is no longer a mine if there is nothing to be mined, yet it was competent for the parties to stipulate that the opening should be left in good working condition, and the plaintiffs have the right to insist that it be so left. Besides this, if the mine is left in good working condition, the surface remains unaffected; but if the pillars are removed the surface will become depressed, and for this reason the plaintiffs have the right to insist the mine shall be left in good working order.

2. ——: custom. A contract cannot be controlled by a custom which the parties have expressly excluded, or which they have excluded by necessary implication, as by providing that a thing which custom affects shall be done in a different way. Where the terms of a contract are plain, custom, even under that very contract, cannot be permitted to affect mate-

rially the construction to be placed upon it. 2 Parsons on Contracts, 546; *Macomber v. Parker*, 13 Pick., 175. A custom cannot control the express stipulation of the parties. *Phillips v. Starr & Co.*, 26 Iowa, 349. The custom of miners to remove the pillars cannot be permitted to control the contract, when the effect of allowing such custom to prevail would be to render nugatory express stipulations of the contract. The decree of the Circuit Court is, therefore,

AFFIRMED.