Martens and others vs. O'Connor.

MARTENS and others, Respondents, vs. O'CONNOR, imp., Appellant.

*September 24 — October 11, 1898.*

*Pleading: Joinder of causes of action: Conspiracy: Tenants in common: Lease: Ratification.*

1. Allegations in the complaint in this case concerning representations made by one of the defendants as to the title to premises leased ·by her to plaintiffs are *held* to have been inserted by way of induce-

ment leading up to the general charge of a conspiracy to dispossess plaintiffs of said premises, and not as a statement of a separate cause of action for deceit.

2. A lease of land by some of several tenants in common owning it is valid and binding as to those executing it, but voidable as to those not joining therein.

3. Although a lease of land by a widow having only a dower interest therein gave the lessees no right to the use or possession of the premises, yet the owners of the land subject to such dower interest, or part of them, might, nevertheless, adopt and consent to such lease and render it a valid and binding contract as to their interests in the land.

4. In such a case, where some of the tenants in common owning the land subject to the widow's dower interest had adopted or ratified her lease, and the other tenants in common had taken no action to avoid it, and the lessees were in possession under it, any unlawful combination among those upon whom the lease was binding to dispossess the lessees, resulting in their injury, would be actionable.

APPEAL from an order of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

This action was brought against Mary J. O'Connor, *Lawrence O'Connor*, Patrick F. O'Connor, Phillip O'Connor, Jr., Bernard O. Reilly, Ernst A. Conrad, and Edw. A. Benson. The facts stated in the complaint will sufficiently appear from the opinion. The defendant *Lawrence O'Connor* demurred to the complaint, and appealed from an order overruling his demurrer.

For the appellant there was a brief by *Nath. Pereles & Sons*, and oral argument by *G. D. Goff.*

For the respondents the cause was submitted on the brief of *McElroy & Eschweiler.*

BARDEEN, J. The appellant interposed a demurrer to the plaintiffs' complaint on two grounds: (1) That several causes of action had been improperly united; (2) that the complaint did not state facts sufficient to constitute a cause of action against him.

1. The complaint seeks to charge the defendants with con-

spiracy.   In leading up to the facts upon which the plaintiffs rely as the ground of conspiracy, the pleader set out that the defendant Mary J. O'Connor represented that she could make a valid and binding lease of certain premises desired by the plaintiffs, upon which to establish a swimming school, and had authority to allow them to enter into possession of the same; that she repeated this representation in presence of her attorney, while the transaction of securing the lease was in progress, and her attorney repeated such representation for her and in her presence; and that the plaintiffs, relying upon such statements and representations, entered into possession of the leased premises, and proceeded to get the same into proper condition for their bathing institution. Counsel for the defendant think they are able to see a cause of action for deceit against Mrs. O'Connor stated with the cause of action for conspiracy.   It would seem hardly necessary to enter into any lengthy discussion of the matter. What was said of a similar complaint by Mr. Justice MARSHALL in *Miller v. Bayer*, 94 Wis. 123, applies with equal force to this.   It is perfectly evident that the pleader intended to state a cause of action for an unlawful conspiracy, and equally as evident that the statements of the representation as to title were inserted as matters, by way of inducement, leading up to the general charge.   It is but a mere relation of the circumstances preceding the vicious acts complained of, and in no sense can it be said to constitute a cause of action, when read in connection with the subsequent portions of the complaint.

2. As before suggested, the main cause of action is based upon the claim that the defendants conspired to the plaintiffs' injury.   Stating the substance of the complaint briefly, we find that the plaintiffs were desirous of establishing a swimming school; that they obtained a lease of certain property from the defendant Mary J. O'Connor; that this lease was assigned to the plaintiff corporation with her consent;

that afterwards plaintiffs discovered that Mrs. O'Connor had no interest in the land except a right of dower, the title being held by the seven children of her husband, four of the children being under age; that thereafter plaintiffs secured a writing signed by the defendants *Lawrence*, Phillip, and Patrick O'Connor, and by the four infant owners by their mother, in which they ratified and consented to the lease made by their mother, consented to the assignment to the corporation and to the agreements made by the mother contained in the lease. The complaint further states that the plaintiffs went into possession, and were proceeding to fix up and improve the property, when the defendants conspired to get them out of possession; that the defendant Reilly obtained an option to purchase the land, which he assigned to defendants Conrad and Benson, which option was fictitious, and obtained for the purpose of rendering plaintiffs' possession insecure; that they caused notices to quit to be served, and notified the contractors at work for plaintiffs to cease work, etc., and by reason thereof plaintiffs were compelled to abandon the premises, and thereby suffered great damage.

It must be admitted that, under the original lease from Mrs. O'Connor, the plaintiffs obtained no right to the use or possession of the premises, and it is therefore urged that the alleged ratification of the lease was not binding. As to the infant owners of the land, this is undoubtedly true. The attempted ratification by them was not made by any one having legal authority to act. As to the adult O'Connors, the paper set out in the complaint is ample to cover their interest. To us it is very plain that they adopted and consented to all the covenants and agreements of the original lease, and that, as to their three-sevenths interest in the land, it became a valid and binding contract. The law is well settled, however, that a license to use or lease of land by some of several tenants in common owning land is invalid as to

the others who do not join therein. *Tipping v. Robbins,* 64 Wis. 546; *Tainter v. Cole,* 120 Mass. 162. Such a lease is not void as to those who execute it, but is voidable by the tenants in common who have not joined in it. So far as it appears in the complaint, the lease was a valid and binding contract as to the interest in the land held by all of the defendants O'Connor. They and each of them were bound to defend and protect the plaintiffs so far as their interests were concerned. There is nothing in the complaint which shows that the infant owners, or any one legally empowered to act for them, had ever taken any action to avoid this lease. Therefore, as to this demurring defendant, the plaintiffs were in peaceable possession of the premises, and he had no right to enter into a conspiracy with the other defendants to harass or dispossess them.

The difficulty the plaintiffs may have in ascertaining their exact measure of damages, under the peculiar circumstances under which they were in possession of the premises, need not concern us in the present inquiry. We are only interested in determining whether, as against these defendants, the complaint shows that a conspiracy was formed resulting in some damage to the plaintiffs.

Our conclusion is that, as against these defendants, the plaintiffs had a possession of the leased premises which they were bound to respect, and that any unlawful combination which resulted in their injury was actionable. The fact that the lease might have been avoided by the infant owners by proper proceeding affords them no justification.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.