SOUTHWEST MISSOURI RAILROAD COMPANY, Respondent, v. MORNING HOUR MINING COMPANY, Appellant.

### Kansas City Court of Appeals, May 3, 1909.

1. MINES AND MINERALS: Surface Owner. The right of a mine owner to mine underneath the surface is subordinate to the right of the owner of the surface that it shall be supported in its natural position, which right is a part of the freehold, and the right to mine must be exercised in such a way as not to prevent others from exercising their rights.

2. CUSTOM AND USAGE: Removal of Support of Surface Soil. A custom among miners allowing the destruction of surface support by removing pillars is void.

3. INJUNCTION: Nature of Remedy. An injunction will not issue to prevent a thing already accomplished, the relief in such instance being an action for damages.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

138 App.—9

*Cole, Burnett & Williams* for appellant.

Where there was no evidence introduced which tends to prove that the defendant intended to continue their mining operations in such a way as to endanger the plaintiff's railway track the plaintiff cannot recover. Railroad v. Brandau, 81 Mo. App. 8.

The court cannot grant an injunction to allay the fear and apprehensions of individuals. They must show the court that the actions against which they ask protection are not only threatened, but will in all probability be committed to their injury. Lester v. City of St. Louis, 169 Mo. 234. Defendant's motion to dismiss plaintiff's bill and dissolve temporary injunction, offered at the close of all the testimony in the case, should be given. There was no evidence showing that defendant, at the time of the institution of the suit, was doing or threatening to do or about to do or in all probability would do any act or thing under plaintiff's right of way that would injure the support to the surface thereof. Owen v. Ford, 49 Mo. 436. Under the evidence in this case, plaintiff is not entitled to any relief in equity. All the evidence conclusively shows that the action complained of were past acts and that plaintiff's remedy, if any, would be an action at law for damages. Carlin v. Wolff, 154 Mo. 543; Davis v. Hartwig, 195 Mo. 398; Verdin v. City of St. Louis, 131 Mo. 117; 1 High on Injunction (3 Ed.), secs. 18, 23; Beach on Injunctions, secs. 428, 34, 17, 1198.

*McReynolds & Halliburton* for respondent.

It is the absolute duty of the mine operator to protect the surface of the ground being mined, and it is the absolute right of the surface owner to have his surface supported precisely as it was in its natural state. White on Mines and Mining Remedies, sec. 139; Shearman & Redfield on Negligence (5 Ed.), sec. 716; Haines v. Roberts, 7 El. & Bl. 325; Humphries v. Brogden, 12 Q. V. 739; Harris v. Ryding, 5 Mees. & W. 60; Kistler v.

Thompson, 158 Pa. 139, 27 Atl. 874; Iron Co. v. Baker, 28 N. J. Eq. 77; Consolidated Coal Co. v. Schaefer, 135 Ill. 210; Wilms v. Jess, 94 Ill. 464; Penn v. Taylor, 24 Ill. App. 292; Yandes v. Wright, 66 Ind. 319; Mickle v. Douglas, 75 Iowa 78; Erickson v. Iron Co., 50 Mich. 604; Marvin v. Iron Co., 55 N. Y. 538. If the facts are as alleged in plaintiff's petition we have no doubt it would be entitled to relief by injunction. Burgess v. Kattleman, 41 Mo. 483; Echelkamp v. Schrader, 45 Mo. 505; Weigel v. Walsh, 45 Mo. 560; Lockwood v. Lunsford, 56 Mo. 68; Bank v. Kercheval, 65 Mo. 688. Where the acts complained of will decrease the value of plaintiff's property and diminish the use for which it is intended he is entitled to maintain an injunction against such acts. Glessner v. Brewing Co., 100 Mo. 508. The defendant in this case had caused the plaintiff's surface right to cave or fall in, had been warned not to remove any more dirt, yet persisted in removing dirt that tended to still weaken the surface more; no adequate remedy could be furnished at law. It is on a parity with those cases on account of the continued trespass, where the courts hold that injunction is the proper remedy, actions at law for damages being inadequate. Land Co. v. Manning, 98 Mo. App. 248; Webster v. Cook, 23 Kan. 637; Harber v. Evans, 101 Mo. 661; Jones v. Williams, 139 Mo. 1.

ELLISON, J.—This proceeding is a bill of injunction to restrain defendant from operating a lead and zinc mine in Jasper county in a certain manner. The trial court issued a temporary writ which was afterwards made perpetual and defendant has brought the case here.

It appears that defendant is the owner of a mining lease on certain lands and that it was engaged in taking out ore from beneath the surface at a depth of near one hundred and forty feet. That in prosecuting this work it had cars and car tracks in use in the mine; that

drifts and rooms were cut out and that pillars were left for the purpose of support of the earth above.

It also appears that plaintiff is an electric railway company operating trains of cars for the carriage of passengers and that the right of way of which it was the owner passed over a part of the mine worked by defendant underneath.

It likewise appears that whatever structures in the way of pillars or other supports of the earth above the mine, gave way, whereby there was an extended falling in of the earth, including large parts of the surface over which plaintiff's tracks were laid on its right of way. This, for a time, caused a cessation of traffic and, as alleged and contended by plaintiff, the mining, as carried on by defendant, jeopardizes the lives of the people it carries in its business in that it threatens to cause, at any unknown time, a further caving in of the earth and letting down of its tracks and cars.

The right of the mine owner to mine underneath the surface of the earth is subordinate to the right of the owner of the surface that it shall be supported in its natural position. The right of the mine owner is on a level with the rights of persons in general and such rights are confined within a natural and just limitation, which is to say that persons must so exercise their rights as not to prevent others from exercising theirs. This principle is said to lie "at the foundation of all systems." [White on Mines and Mining, sec. 212.] So it is said to be now established as a rule of law that "the owner of the surface is entitled to absolute support, not as an easement of right depending on a supposed grant, but as a proprietary right at common law. . . . The right of the surface owner has been likened to that of the owner of an upper story of a house, who holds his tenement with an implied right to support from the owner of the lower story." [Snyder on Mines, sec. 1020.]

And a custom among miners is not allowed to de-

stroy the surface support by removing pillars.  Such custom would be void.  [Randolph v. Holden, 44 Iowa 327.]  In Burgner v. Humphrey, 41 Ohio St. 340, it is said that: "This obligation to protect the superincumbent soil, exists whether there is a conveyance of the surface reserving the minerals, or a grant of the minerals, without a conveyance of the surface.  In either case, the presumption arises that the owner of the minerals is not, by removing them wholly or in part, to injure the owner of the soil above.  According to the doctrines held by the courts, as summarized by an approved text writer, the right which the surface has to support, is a part of the freehold and not an easement.  It is the right independent of the nature of the strata, and the mine owner can only work so far as is consistent with this right, and is liable if he violates it.  The highest care and skill in the working of the mine, is no defense whatever, if injury results to the surface, from a removal of the subjacent strata: Woods' Law of Nuisance, sec. 197 and cases cited."

To the same effect is an array of authorities to be found in plaintiff's brief.

Defendant does not deny the law as it has been stated by plaintiff, but it does insist that the facts of the case do not justify injunctive relief.  Counsel fortify themselves in that position in this way:  They say that whatever wrongful process of mining brought about the falling in of the surface and the ruin of plaintiff's railway tracks was a past affair at the time the injunction was granted and that necessarily an injunction should not issue to prevent a thing already accomplished; the relief in such instances being an action for damages.  And such is the law.  [Owen v. Ford, 49 Mo. 436; Carlin v. Wolff, 154 Mo. 539; Davis v. Hartwig, 195 Mo. 380; Verdin v. St. Louis, 131 Mo. 26.]

In answer to this statement plaintiff, while admitting as it of course must admit, that the mode of excavation in the mine which had caused the destruction of its

tracks, was a past matter, yet that defendant was persisting in a course and mode of mining, partly under the guise of restoring the mine to a workable condition, which continuously endangered the safety of the railway track and the lives of its passengers and employees. We regard such conduct as, in effect, nothing less than a threatened trespass of irreparable injury, and as such justifies an injunction by the terms of the statute itself. [Sec. 3649, R. S. 1899.] The acts charged to defendant after the first catastrophe were acts of continuous wrong, in that they threatened the further destruction of plaintiff's property and endangered the lives of its patrons, and in that respect justified the injunction. [Metropolitan Land Company v. Manning, 98 Mo. App. 248, 257.]

But defendant attempts to take the foundation from under plaintiff's position in the respects just mentioned by again denying that the positions taken, however well justified in law, have any support on the evidence. It is true that the case is one in which an appellate court must pass upon the evidence and its weight; but notwithstanding that such is the duty and the practice, yet it is a mistake to say that we are not in some degree controlled—not bound it is true, but influenced—by the finding of the trial court, where the evidence is oral and contradictory. [Tinker v. Kier, 195 Mo. 183; Mathias v. O'Neill, 94 Mo. 520; McElroy v. Maxwell, 101 Mo. 294.] The trial court found: "That plaintiff is carrying on a regular passenger traffic over said railroad by sending a large number of cars over the same each day and night, between the hours of five o'clock a. m. and twelve o'clock p. m., at regular intervals of less than thirty minutes between cars. The court finds that the defendant is and has been engaged in mining a portion of said land above described; that its mining operations have been on each side of plaintiff's right of way and beneath the same; that the defendant's mill and reducing plant is situated south of the plaintiff's right of way, and in order to utilize the mineral north of said right of way and beneath the same,

it is necessary to have a passageway underneath said right of way to the north side thereof; the court finds that a large quantity of loose dirt, rock and mineral fell into said mines and filled up the drifts and rooms therein by reason of the caving or falling in of the surface of plaintiff's right of way and the surface adjacent thereto, and the court further finds that the defendant has been and was, at or near the time of the commencement of this action, engaged in the removal of mineral and rock from said drifts and rooms, which removal is liable to cause more damage to plaintiff's right of way and endanger the life of the traveling public as well as the lives of the employees of the plaintiff and to cause injury and damage to plaintiff's property."

We think the evidence justified the finding, and that the judgment should be affirmed. All concur.