KANSAS CITY SOUTHERN RAILWAY COMPANY, Respondent, v. H. E. SANDLIN et al., Appellants.

Springfield Court of Appeals, July 28, 1913.

1. MINES AND MINING: Rights of Cotenants. The lessee of one tenant in common has no right to mine and take mineral ores from a tract of land against the will and without the consent of the other cotenant.

2. RAILROADS: Right of Way: Easement Only. The estate of a railroad company in lands acquired for right of way amounts to an easement only. The fee to the lands thus occupied continues in the adjacent landowners.

3. MINES AND MINING: Protection to Surface Easement: Injunction. The owner of a surface easement has a right to

have the surface supported and not subjected to the dangers of the ground caving in because of mining thereunder, and injunction is the proper remedy to enforce such right.

4. ——: **Endangering Highway or Railroad: Criminal Provisions.** Secs. 8428 and 8429, R. S. 1909, make it a criminal offense to mine under a highway or railroad so as to cause the surface to cave in.

5. **INJUNCTIONS: Requirements of Plaintiff: Relaxation of Rule.** Although plaintiff must make out a clear and unquestioned case when asking for injunctive relief, yet this rule will not be too strictly enforced when it becomes apparent that by doing so there is a probability of injury to persons or loss of life.

6. ——: **Railroads: Mining Under Right of Way.** In a suit by a railroad company to enjoin mining operations under its right of way, the evidence in the case is reviewed and exigencies considered; *held,* that while plaintiff was not entitled to unlimited injunctive relief, yet defendants should be perpetually enjoined from mining under such right of way in a manner, at a depth and in a place which would endanger or interfere with the operations of trains over such right of way and the use of the same for railroad purposes.

Appeal from Jasper County Circuit Court, Division No. One.—*Hon. Jos. D. Perkins,* Judge.

REVERSED AND REMANDED (*with directions*).

*C. V. Buckley* and *Fred L. Williams* for appellants.

(1)  Respondent's title is an easement or right way. It has no interest in the mineral.  33 Cyc. 167; Gas Co., 162 Ind. 393, 68 N. E. 1020; Raleigh, etc., v. Sturgeon, 120 N. C. 225, 26 S. E. 779; East Tenn. v. Telford, 89 Tenn. 293, 14 S. W. 776; Boyce v. Railroad, 168 Mo. 583; Delaney v. Mo. Railroad, 168 Mo. 599; Chouteau v. Railroad, 122 Mo. 375; Baker v. Railroad, 122 Mo. 396; Kellogg v. Malin, 50 Mo. 496; Jones v. Van Boshove, 61 N. W. 342; Hill v. Railroad, 32 Vt. 74; Railroad v. McWilliams, 32 N. W. 315; Walker v. Railroad, 74 N. E. 812; Smith v. Hall, 72

N. W. 472; Sheppard v. Railroad, 53 S. E. 137.   (2) A railroad company has an easement only in its right of way and not the fee simple title whether it acquires the same (that is, it s right of way) by deed or condemnation.   State ex rel, v. Road Co., 207 Mo. 103; Railroad v. Clark, 121 Mo. 169; Kelley v. Malin, 50 Mo. 496; St. Louis v. Tel. Co., 134 Mo. App. 406-417; Sec. 2443, R. S. 1889; 2 Elliott on Railroads, sec. 415; Vermilya v. Railroad, 24 Iowa, 234.   (3) There was no such danger proven or threatened to plaintiff's road as authorized an injunction in this case.   Davis v. Hartwig, 195 Mo. 398; Carolina v. Wolff, 154 Mo. Ch. 545; Lester R. E. Co. v. St. Louis, 169 Mo. Ch. 234; 1 High on Inj., sec. 886; Business M. L. v. Waddill, 143 Mo. Ch. 499.   (4) The plaintiff must establish by the greater weight of evidence the grounds alleged in his petition in order to get the relief sought.

*Cyrus Crane, J. W. McAntire* and *O. L. Cravens* for respondent.

(1)   Plaintiff has the absolute right to have the surface of its strips of land protected and supported precisely as it was in their natural state, even if plaintiff be in the enjoyment only of a mere easement; and injunction may be resorted to to protect this right. Railroad v. Brandau, 81 Mo. App. 1; Railroad v. Yankee, 140 Mo. App. 274; Railroad v. Mining Co., 138 Mo. App. 129; Metropolitan Co. v. Manning, 98 Mo. App. 248, Sec. 2534, R. S. 1909.   (2)   Mining under public highways is a criminal offense.  Secs. 8428, 8429, R. S. 1909.   (3)   The State and not these defendants is the only power that can raise the question as to whether the railroad abused its power in attempting to acquire a title in fee simple for its right of way when the law only gave it the right to take an easement.   Hovelman v. Railroad, 79 Mo. 632; Hill v. Rich Hill Co., 119 Mo. 9; Land Co. v. Coffman, 50

Mo., 254; Chambers v. St. Louis, 29 Mo., 543; Railroad v. Seely, 45 Mo., 216; Chenoweth v. Express, 95 Mo. App. 195; Kansas City v. Surety Co., 196 Mo. 302; Summet v. Realty Co., 208 Mo. 501; Bridge Co. v. Stone, 174 Mo. 1; Railroad v. Ordelheide, 172 Mo. 436.    (4)   The use of the words "grant, bargain and sell" in the Colgate deed makes it a warranty deed. Sec. 2793, R. S. 1909.    (5)   One tenant in common cannot dedicate, lease or sell the common property without the consent of his cotenants so as to affect the rights of the latter.   St. Louis v. Gas Light Co., 96 Mo. 197; McBeth v. Trabue, 69 Mo. 642; Martin v. Castle, 193 Mo. 183; Paving Co. v. McManus, 144 Mo. App. 610. (6)   It seems to be the universal rule that a lease by one tenant in common of the entire estate is void as to his cotenants, although binding upon himself.   Mooreland v. Strong, 115 Mich. 211, 73 N. W. 140; Lee v. Livingston, 143 Mich. 203, 106 N. W. 713; Jackson v. O'Rorke, 71 Neb. 418, 98 N. W. 1068; Walker v. Marion, 143 Mich. 27, 106 N. W. 400; Harlon v. Phosphate Co., 62 S. W. 614; Adams v. Iron Co., 61 Mass. 361; Martens v. O'Connor, 101 Wis. 18, 76 N. W. 774. (7)   Plaintiff is entitled to its injunction on the ground alone that the attempted lease and mining by defendants is void as against plaintiff.   Tippin v. Robbin, 71 Wis. 507, 37 N. W. 427; Tippin v. Robbin, 64 Wis. 546, 25 N. W. 713.

STURGIS, J.—The plaintiff owns and operates a railroad running south from Joplin, Missouri.   The defendants claim to have and were exercising the right to mine for lead and zinc ores under the plaintiff's right of way, their right to do so being based on a mining lease to them from the owner of the land through which the railroad runs.   By this action the plaintiff seeks to restrain defendants from so doing.   The trial court granted a perpetual injunction, from which the defendants have appealed.

One of the grounds on which plaintiff seeks to uphold the judgment of the trial court is that plaintiff is the owner in fee of an undivided half of its right of way through the land in question, and is a tenant in common with defendants' lessor; that defendants' lease, being made by one tenant in common only, is void as to the other cotenant, this plaintiff, and that defendants cannot mine the land by virtue of this lease without its consent. Without going into the details of the title, it is sufficient to say that plaintiff bases its claim to own an undivided one-half of the land used as a right of way in fee on the following duly executed and acknowledged deed: "For the consideration of one dollar to us paid by the Kansas City, Fort Smith and Southern Railway Company, the receipt of which is hereby acknowledged, we the undersigned Romulus R. Colgate and Susan P. Colgate, his wife of the city and State of New York do by these presents grant, bargain and sell and convey unto the said Kansas City, Fort Smith and Southern Railway Company, its successors and assigns forever, a strip of ground fifty (50) feet in width for right of way of said railroad, over and across the following described tract of land, to-wit:

"The southwest quarter of section number eighteen (18) in township number twenty-seven (27) north of range number thirty-two (32) west. The said grantors own an undivided one-half interest in said land situate in Jasper county, in the State of Missouri, said strip being in a generally northwesterly direction and being twenty-five (25) feet wide on either side of the center line of said railroad as laid out and located and now being constructed.

"In witness whereof, we have hereunto set our hands and affixed our seals this 17th. day of June, 1889.

"R. R. Colgate (seal)

"S. P. Colgate (seal)."

For the purposes of this case the only question to be determined is whether this deed conveys a fee

to the grantee or only an easement. It is asserted by
defendants that the predecessor of plaintiff acquired
by this deed and that plaintiff now has no more than
an easement over this land, and consequently has no
right or power to prohibit mining from being done be-
neath the surface unless such mining interferes with
or endangers the use of said strip of land for running
trains over the same, or for other proper and legiti-
mate railroad purposes.  It is hardly questioned but
that if plaintiff is the owner in fee of an. undivided
one-half of said strip of land, then defendants' lease
from the other tenant in common, though valid as
between the parties thereto, is void as to this plaintiff.
The lessee of one tenant in common has no right to
mine and take mineral ores from a tract of land against
the will and without the consent of the other cotenant.
[17 Ency. of Law (2 Ed.), 673-4; Zeigler v. Brenneman,
237 Ill. 15, 86 N. E. 597, 599; Moreland v. Strong, 115
Mich. 211, 73 N. W. 140; Jackson v. O'Rorke, 71 Neb.
418, 98 N. W. 1068; Martens v. O'Connor, 101 Wis.
18, 76 N. W. 774; Adam v. Briggs Iron Company, 61
Mass. 361, 368; St. Louis v. Laclede Gas Light Co., 96
Mo. 197, 9 S. W. 581; McBeth v. Trabue, 69 Mo. 642.]

It is contended by plaintiff that under the laws
and court. decisions of this State the plaintiff did by
this deed acquire an undivided one-half of this land in
fee.    In Childs v. Railroad, 117 Mo. 414, 23 S. W. 373,
where the railroad claimed title in fee under an ordi-
nary deed to a one-half interest in land, the court held
that the railroad and the owner of the other one-half
interest were tenants in common, and the one tenant in
common could not remove rock and other materials from
the land without paying his cotenant a proportional
share therefor.   In Baker v. Railroad, 122 Mo. 396, 399,
30 S. W. 301, the court said:   "The owner of the land,
whoever he is, represents the fee, and compensation
to him appropriates the entire fee, and he is the only
one to be looked to, when the right of way is to be ac-

quired, whether by condemnation or otherwise. There is, and there can be, no difference in this regard between *dedication* and *condemnation.*" This last expression of the court is important because plaintiff concedes that in case of condemnation of the land for a railroad right of way, the railroad only obtains an easement in the land and does nor acquire the title in fee. [Boyce v. Railroad, 168 Mo. 583, 68 S. W. 920; Railroad v. Clark, 121 Mo. 169, 25 S. W. 192, 906.]

In Railroad v. Telephone Co., 134 Mo. App. 406, 411, 114 S. W. 586, the court said: "In Missouri, the estate of a railroad company in lands acquired for railroad purposes, right of way, etc., amounts to an easement only. The fee to the lands thus occupied continues to reside in the adjacent landowners. Our constitutional provision to that effect has been frequently so expounded by the courts."

The Supreme Court, by a majority opinion, in Chouteau v. Railroad, 122 Mo. 375, 385, 22 S. W. 458, 30 S. W. 299, held that, although a railroad company purchase land used for its right of way, depot purposes, etc., and took an ordinary deed purporting to convey the same in fee, yet, such a conveyance would be construed to convey an easement only and not an absolute title. This question seems to have been finally set at rest by the unanimous decision of the Supreme Court in State ex rel. v. Road Co., 207 Mo. 85, 105 S. W. 761. The court held that the words "fee simple title" were not used in their technical sense in connection with either the purchase or condemnation of a right of way; that power to take and hold lands in fee simple for a right of way, whether by purchase or condemnation, means no more than the right to acquire and hold an easement in the land so long, as it is needed for the purpose of a right of way. The court, page 103, said: "This court, beginning with Kellogg v. Malin 50 Mo. 496, has construed charters granting the power to take and hold lands in fee

simple for a railroad right of way, to mean no more than the right to acquire an easement so long as it needed the land for the purpose for which it was taken. . . . That doctrine was reannounced in Venable v. Railroad, 112 Mo. 103, and in Chouteau v. Railroad, 122 Mo. 1. c. 385; Boyce v. Railroad, 168 Mo. 589, et. seq. While counsel urge that Kellogg v. Malin, 50 Mo. 496, should no longer be followed, we are of opinion that a rule of law so long established and adhered to should be considered settled, especially where the matter has been so thoroughly reconsidered and sustained.''

Plaintiff calls our attention to a line of cases holding that the State and not these defendants is the only power that can raise the question as to whether a railroad has usurped its power in attempting to acquire the title in fee simple for its right of way, when the law only gave it the right to take an easement; that this is a matter wholly between the corporation and the State. [Hovelman v. Railroad, 79 Mo. 632; Hill v. Rich Hill Coal Mining Co., 119 Mo. 9, 24 S. W. 223; Railroad Company v. Seely, 45 Mo. 212, 216; Bridge Company v. Stone, 174 Mo. 1, 73 S. W. 453.] It will be found, however, as is shown by the cases previously cited, that this question goes to the construction of the conveyance and determines the title conveyed; that all such conveyances must be construed as passing an easement only to the grantee. Such is the law in other jurisdictions. [Abercrombie v. Simmons (Kan.), 1 L. R. A. (N. S.) 806; Jones v. VanBochove, 61 N. W. (Mich.) 342; Railway Company v. Geisel, 21 N. E. (Ind.) 470; Hill v. Railroad Co., 32 Vt. 74; Uhl v. Railway Co., 41 S. E. (W. Va.) 340; Ottumwa Railroad Co. v. McWilliams, 32 N. W. (Iowa) 315; Sheppard v. Suffolk Railroad Co., 53 S. W. (N. C.) 137; South Penn Oil Co. v. Oil Company, 140 Fed. 507; Cincinnati Railroad Co. v. Wachter, 70 N. E. (Ohio) 974.]

This contention, therefore, must be resolved against the plaintiff.

Plaintiff also claims in its petition, and introduced much evidence sustaining its contention that the act of defendants in mining under its right of way and track was likely to result in the caving in of the ground, thereby interfering with its use for a railroad right of way and endangering the lives of passengers and employees on its trains passing over the same. The extent to which the owner of a surface easement has a right to have the surface supported and not endangered is discussed in Railroad v. Brandau, 81 Mo. App. 1, 5, and it is there held that an injunction is the proper remedy to enforce such right. The evidence on this proposition was conflicting and necessarily consisted largely of the opinions of experts more or less familiar with mining operations and the danger of ground caving in in consequence of being mined as this ground was then being mined. It was shown that ground of similar formation in the vicinity of the place in question, which had been mined at about the same depth as this was being mined, had caved in to such an extent as to disturb and endanger the surface. Defendants' witnesses were equally positive that no such danger did or could exist from mining at the depth and in the manner in which these mining operations were being carried on. The trial court, who heard the evidence and to whose opinion and finding we will to some extent defer (Railroad v. Yankee, 140 Mo. App. 274, 124 S. W. 18) found for the plaintiff on this issue. We are not persuaded, after a careful reading of the whole record, that the trial court was wrong in its conclusions. Our statute, sections 8428 and 8429, Revised Statute 1909, makes it a criminal offense to mine under a highway or railroad so as to cause the surface to cave in. When it comes to weighing human life and limb against a mere property right, we think there is much reason for somewhat relaxing the rule, invoked

by defendants, that the plaintiff must make out a clear and unquestioned case when asking for injunctive relief. While no person should be deprived of a property right except on satisfactory evidence, yet, when these defendants took this mining lease, the railroad was constructed and being operated over this land. Defendants acquired their right to mine subject to plaintiff's rights in operating its trains over this land, and with full knowledge of the facts. On the one side is the question of defendants' making more or less money by mining this land; on the other is not only the question of endangering plaintiff's property, but also that of endangering the safety and lives of human beings passing every day in large numbers over this underminded land. Were it a question of damages to plaintiff's property on the one hand and defendants' on the other, then we would scrutinize the evidence more closely to determine whether plaintiff had made a case by the clear preponderence of the evidence; but, when it comes to a question of property rights only as against the safety and preservation of human life and limb, we think it is sufficient that the evidence reasonably shows the certainty that the *danger* exists rather than the certainty that a fatal disaster will occur. We think we should take cognizance that the law requires the *highest* degree of care on the part of carriers of passengers in maintaining a safe roadbed as well as in the actual operation of its trains. [Furnish v. Railroad, 102 Mo. 438, 13 S. W. 1044; Clark v. Railroad, 127 Mo. 197, 29 S. W. 1013; Heyde v. Transit Co., 102 Mo. App. 537, 77 S. W. 127; Tillman v. Transit Co., 102 Mo. App. 553, 77 S. W. 320; Jacquin v. Cable Company, 57 Mo. App. 320.] It seems reasonable that if the law requires this high degree of care on the part of railroads in maintaining a safe track and roadbed, the courts ought to see to it that they are not hampered in so doing.

It results that plaintiff is not entitled to unlimited injunctive relief on the ground of ownership of an undivided one-half of its right of way in fee but that defendants should be perpetually enjoined from mining under plaintiff's right of way at the depth and in the manner and at the place they are now mining or in any manner or at any depth or any place that will endanger or interfere with the operation of trains over such right of way and the use of same for railroad purposes.

The cause will be reversed and remanded with directions to enter a new decree in conformity with this opinion. All concur.