JOHN S. GATSON, Respondent, v. THE FARBER FIRE BRICK COMPANY, a Corporation, Appellant.*

St. Louis Court of Appeals. Opinion filed March 2, 1926.

1. **COURTS OF APPEAL: Jurisdiction: Title to Real Estate.** An action by a landowner against a fire brick company for damages arising out of the alleged subsidence of the surface of his land caused by mining clay under the land and for injunctive relief, *held* not to involve title to real estate so as to give jurisdiction of this appeal to the Supreme Court alone.

2. **MINES AND MINING: Clay Mining: Extending Under Surface of Land of Another: Subsidence of Surface: Damages.** In an action by a landowner against a fire brick company for damages arising out of the alleged subsidence of the surface of his land caused by mining clay under the land *held* plaintiff was entitled to recover not alone damages that had already accrued at the time of the institution of the suit but such damages as were reasonably certain to accrue in the future from the subsidence of the surface of plaintiff's land by reason of the mining already done by defendant under the land at the time of the institution of the suit.

3. ———: ———: ———: ———: ———: **Excessive Damages.** A verdict for $1250 damages against a fire brick company for mining clay under plaintiff's land *held* not excessive where, as a result of such mining, the surface of five acres had already sunk below its natural level at the time of the institution of the suit and was entirely worthless and two additional acres would also sink and become of little or no value, and, by reason of the sinking of the five acres, the value of all the rest of plaintiff's farm had been damaged and decreased in value.

4. ———: ———: ———: ———: **Protection to Surface: Injunctions.** A landower *held* entitled to injunctive relief to restrain a fire brick company from continuing mining clay under the surface of his land which had been determined was resulting in the sinking of the surface of the land where part of plaintiff's land had a prospective value for town lots, and, out of seven acres which defendant admitted it had undermined, the surface of from three to five acres had sunk beneath the natural level and the rest of the surface of the land under which mining had been done would in all probability sink.

---

*Corpus Juris-Cyc. References; Courts, 15 C. J., p. 1085, n. 89. Mines and Minerals, 27 Cyc., p. 790, n. 54; p. 791, n. 57, 58 New.

Appeal from the Circuit Court of Monroe County.—*Hon. Charles T. Hays,* Judge.

AFFIRMED.

*A. C. Whitson, E. L. Alford,* and *James P. Boyd* for appellant.

(1) Where a case is improperly sent on appeal to the Court of Appeals, when the same should have been sent to the Supreme Court, it is the duty of the Court of Appeals to transfer the case to the Supreme Court. R. S. 1919, sec. 2419. Where title to real estate is involved, Supreme Court has jurisdiction, and this may appear in an injunction case, if title of defendant is affected by the injunction. Const., Art. VI, secs. 2 and 12; Heman v. Wade, 63 Mo. App. 363, 141 Mo. 598; Wright v. Joplin, 190 Mo. App. 390. Where Court of Appeals has any doubt of its jurisdiction it will transfer the cause to the Supreme Court. Kane v. McMenamy, 242 S. W. 1010; Gartside v. Gartside, 42 Mo. App. 513. (2) Coal and other minerals under the surface of land are the subject of grant or of reservation. Coal and minerals in place are land, and may be conveyed as such, and when thus conveyed constitute a separate and distinct inheritance. When a thing is granted, all means necessary to attain it and all the fruits and effects of it are granted, without further words, by the grant of mines is granted the power to dig them. Whether the separate estate, consisting of coal or other minerals, was first created by grant or reservation is immaterial. In either case, the owner of the estate has the right to dig the coal or minerals, and to enter and take possession as against the owner of the soil, and to use the surface so far as necessary to carry on the mining operation, and this without any express authority in the grant or reservation. Hence a grant of minerals in land gives the right to mine them, unless there is a positive restriction in the grant itself.

Wardell v. Watson, 93 Mo. 107; Snoddy v. Bolen, 122 Mo. 496; Stewart v. Jones, 219 Mo. 614; Meyer v. Meyer, 224 Mo. 638; Gordon v. Million, 248 Mo. 161. (3) When a deed on its face by plain and apt words conveys all the coal and minerals under the land, there is no implied reservation of a part, or perhaps all of it. The owner is at liberty to prescribe the terms and conditions on which he will sell. If no reservations or exceptions are found in the deed, none should be presumed. Griffin v. Fairmont Coal Co., 2 L. R. A. N. S. 1115, 1120; Cases cited under Point 2, supra. (4) Prospective damages are not recoverable in an action for subsidence of the surface caused by mining, and verdict for damages that may accrue with those that have accrued at the time of the institution of the suit will be reversed. Catlin Coal Co. v. Lloyd, 109 Ill. App. 123, 124 Ill. App. 394; Jackson Hill Coal Co. v. Bales, 183 Ind. 276, 108 N. E. 962. Where the wrong does not involve the entire destruction of the estate or its beneficial use, but may be apportioned from time to time, separate actions must be brought to recover damages so sustained. In cases of nuisance or trespass the rule is well settled that plaintiff cannot recover for injury not sustained when his action is commenced. Von Hoozier v. Railway, 70 Mo. 145, 148; Woolston v. Blythe, 251 S. W. 145, 150; McGinnis v. Hardgrove, 163 Mo. App. 20, 27; Gebrardt v. Railroad, 122 Mo. App. 503. (5) Our statute provides, that the remedy by injunction shall exist in all cases where an irreparable injury to real estate is threatened and to prevent the doing of any legal wrong whatever, whenever in the opinion of the court, an adequate remedy cannot be afforded by an action for damages. R. S. 1919, sec. 1969; Hatton v. Railroad, 253 Mo. 674; Jones v. Williams, 139 Mo. 37. A court of equity will sometimes interfere to prevent a multiplicity of suits, but this is only in cases where the right is controverted by numerous persons, each standing on his own pretentions, and has no application to the case of one or more persons choosing to persevere in acts

of trespass in spite of suits and recoveries against them. Jerome v. Ross, 7 Johns Ch. 315; 11 Am. Dec. 484; Chicago Stock Exchange v. McClaughry, 148 Ill. 372, 36 N. E. 88; Railway v. Railway, 181 Ill. 605, 54 N. E. 1026. (6) Where to grant an injunction would work a great and irreparable injury to the defendant, without corresponding or any benefit to the plaintiff, while to refuse it would injure neither, but leave the plaintiff to his remedy at law, the court will not award it. Crescent Mining Co. v. Mining Co., 70 Am. St. Rep. 810, 819; Schopp v. Schopp, 162 Mo. App. 564. (7) If plaintiff's legal rights had been invaded, his remedy was at law under the second count of his petition. While it was the duty of defendant to use ordinary care in its mining operations in order to avoid doing plaintiff harm, the extent to which it had a right to act, plaintiff was bound to suffer. Any damages that accrued while defendant thus exercised its own rights, afforded no valid ground of complaint, nor ground for injunction, as defendant is admitted to be entirely solvent. Victor Mining Co. v. Morning Star Mining Co., 50 Mo. App. 534. Where plaintiff has recovered damages for subsidence of the surface from mining, he is not entitled to an injunction to prevent mining in the same way, on the theory that more subsidence would occur, he having his remedy at law for any damages that may accrue. Lloyd v. Catlin Coal Co., 210 Ill. 460, 71 N. E. 335.

*Frank Hollingsworth, Olliver W. Nolen* and *Gatson & Price* for respondent.

(1) Respondent is entitled to the absolute right of surface support; and this is true whether there is a conveyance of the surface reserving the minerals or a grant of the minerals without a conveyance of the surface. Railroad Co. v. Mining Co., 138 Mo. App. 133; Railroad Co. v. Yankee, 140 Mo. App. 278; Railroad Co. v. Brandau, 81 Mo. App. 5; Railroad Co. v. Grandlin, 173 Mo.

App. 392; 18 Rul. Cas. Law, page 1244. (2) The highest degree of care and skill in the working of the mine is no defense whatever if injury results to the surface from removal of a subjacent strata. See authorities shown at 1. (3) Unless the instrument conveying the mineral rights expressly conveys or waives the right to surface support, the duty remains to provide it. 18 R. C. L., page 1246. (4) Respondent was clearly entitled to injunctive relief, because: (a) Irreparable damage to the inheritance. Sec. 1969, R. S. 1919; 32 Corpus Juris, 137-138; Authorities shown at 1. (b) To refuse injunction would place respondent to the expense and burden of instituting a great multiplicity of suits; a suit for each area of surface that thereafter might sink. Railroad v. Mining Co., 138 Mo. App. 133; Metro Land Co. v. Manning, 98 Mo. App. 248, 257; 32 Corpus Juris, p. 53, sec. 31; Bryant v. West, 219 S. W. 355; Lambert v. Railroad, 212 Mo. 692; Tie Co. v. Stone, 135 Mo. App. 438; R. R. Company v. Brandau, 81 Mo. App. 6; Bryant v. West, 219 S. W. 355; Palmer v. Crisle, 92 Mo. App. 513; Nelson v. Kelly, 145 Mo. App. 110; Strother v. Amer. Coop. Co., 116 Mo. App. 521. (c) After adjudication of damages for first sinking, the measure of damages for sinking of each area subsequent thereto would become so involved that no trier of the fact could reasonably ascertain it. (d) The damage being irreparable and involving a multiplicity of suits, solvency of appellant is no defense. 32 Corpus Juris, 137-138, 143-144; Metro Land Co. v. Manning, 98 Mo. App. 257; Teachant v. Clough, 143 Mo. App. 474.

BECKER, J.—Plaintiff filed his petition in two counts each of which is based upon allegations that the surface of a part of plaintiff's eighty-acre farm has subsided and other portions were subsiding and would subside owing to the fact that defendant had mined clay under the surface of plaintiff's land and failed to leave sufficient support for the surface thereof. One count is for damages arising out of the alleged subsidence of the

surface of plaintiff's land, and the second count seeks to enjoin defendant from continuing to mine under plaintiff's land in the manner alleged theretofore to have been mined by defendant, or in any other manner that would deprive the surface of plaintiff's land of its necessary support.

From a judgment for $1250 and a decree perpetually enjoining defendant from mining under plaintiff's land "in the manner it is now mining or in any other manner that will endanger plaintiff's right to subjacent support to said land," the defendant appeals.

Plaintiff's petition alleges that he has been the owner of the farm in question since March 1, 1923; that the defendant mined and removed fire clay from beneath the surface of said land and failed to leave standing sufficient support for the surface thereof, with the result that in June, 1923, an area of about two acres of the surface of plaintiff's land sank to a depth of one to three feet below the natural level thereof, and that in December, 1923, a like area of surface subsided and "that the remainder of the surface of said land is daily sinking below the natural level thereof."

The defendant's answer is a general denial with a further plea to the count seeking injunctive relief that though it, the defendant, had removed fire clay from under seven acres of plaintiff's land it was done in the usual and approved method of mining fire clay; that the surface of plaintiff's land is ordinary agricultural land at all times having a market value, and that it, the defendant, is a solvent going corporation against which plaintiff would have an adequate remedy at law for any damages he might sustain by a subsidence of any of the surface of his land, and therefore plaintiff is not entitled to any injunctive relief.

At the trial plaintiff adduced testimony which if believed would warrant the jury in finding that defendant had mined clay for an area covering seven acres under the surface of plaintiff's land, and that due to this min-

ing of the clay by defendant under plaintiff's property the surface of some three to five acres of the land had subsided, and that the balance of the surface of plaintiff's land under which mining had been done by the defendant was reasonably certain to subside; that this subsidence of the surface, and that which is reasonably certain thereafter to subside, would affect the reasonable market value of the entire farm; that plaintiff's farm immediately prior to the subsidence of any part of the surface thereof was worth from eighty-five to one hundred twenty-five dollars per acre; that the reasonable market value of plaintiff's farm after the subsidence was but from forty to fifty dollars per acre.

Defendant adduced testimony tending to show that no subsidence of the surface of plaintiff's farm had taken place, and that under the manner in which it, the defendant, had mined the clay under plaintiff's farm no subsidence of the surface thereof would result therefrom; that the farm at the time plaintiff bought it, as well as at the time of the trial, was worth fifty dollars per acre. However one of the defendant's own witnesses admitted that if any part of the surface of plaintiff's farm had in fact subsided, then such area had no value and was worthless, and also that if a part of the farm had subsided that fact would reduce the reasonable market value of the remainder of the entire farm from fifteen to twenty per cent.

Appellant urges in his brief that the title to real estate is an issue in the instant case and that therefore the Supreme Court alone has jurisdiction of this appeal. The result of the litigation herein cannot in any manner directly affect the title to real estate and we rule the point against appellant. [Clinton County Trust Co. v. Matzger, (Mo.), 266 S. W. 321; Wearen v. Woodson, (Mo. App.), 269 S. W. 648.]

Defendant next urges that prospective damages are not recoverable in an action for subsidence of the surface caused by mining and that the trial court erred in giv-

ing an instruction on the measure of damages by the request of plaintiff, which in effect permitted the jury, if they found a verdict for plaintiff, to include therein not alone the damages that had already accrued at the time of the institution of the suit, but such damages as were reasonably certain to accrue in the future from the subsidence of the surface of plaintiff's land by reason of the mining already done by defendant under plaintiff's land at the time of the institution of the suit.

In the case of Williams v. Missouri Furnace Co., 13 Mo. App. 70, this court adopted the rule announced in the majority opinion in the English case of. Lamb v. Walker, L. R. 3 Q. B. Div. 389, that in cases of lateral and subjacent support of land that though no right of action arises until damage occurs, yet upon the occurrence of some damage the *act of excavation* becomes wrongful in its entirety and in an action thus brought, recovery can be sought for "the injurious consequences, whether present or in future, which result from the acts of the defendant, so become tortious," and approved the action of the trial court in refusing an instruction requested by the defendant, that the plaintiff could not recover for any damages which his premises may have suffered since the commencement of the suit. In the course of its opinion it says: "We understand it to be a general rule relating to the measure of damages that all damages accruing from a particular injury must be recovered in one suit. The law does not tolerate the splitting of a cause of action and the bringing of a new suit for every subsequent damage which may accrue from the original wrong; and therefore it is a general rule relating to the measure of damages that all damages which have flowed, and all damages which will reasonably flow directly from the wrongful act complained of, may be recovered. [Barbour County v. Horn, 48 Ala. 566; Stewart v. Ripon, 38 Wis. 584; Baltimore, etc., R. Co. v. Trainor, 33 Md. 542; Gilbert v. Kennedy, 22 Mich. 117; Collins v. Council Bluffs, 32 Iowa, 324; Pittsburg,

etc., R. Co. v. Donahue, 70 Pa. St. 119; McLaughlin v. Corry, 77 Pa. St. 109; March v. Walker, 48 Texas, 372; Weisenburg v. Appleton, 26 Wis. 56; Russ v. Steamboat War Eagle, 14 Iowa, 363; Curtis v. Syracuse, etc., R. Co., 18 N. Y. 534; Hicks v. Herring, 17 Cal. 566; Hodsoll v. Stallebrass, 11 Ad. & E. 300; Whitney's Administrator v. Clarendon, 18 Vt. 252.'' It is true that in some jurisdictions plaintiffs are limited in their recovery in actions of this character to the extent of the damage they have actually sustained, upon the theory that the consequent subsidence and not the removal of the support is the wrong, and that therefore the recovery is limited to the extent of the damage actually sustained, and therefore prospective damages must be excluded. We are not persuaded however that the rule on the measure of damages adopted in the Williams case, supra, is unsound, and we follow it, which necessarily results in the overruling of plaintiff's contention.

It is next urged that the verdict should be set aside on the ground that it is excessive.

Having in mind the measure of damages which we have adopted herein as a correct rule, there is substantial testimony adduced which if believed by the jury would warrant them in finding that the surface of five acres of plaintiff's land had already sunk below its natural level at the time of the institution of the suit, and that it was entirely worthless; that two additional acres from under which the defendant had mined the clay would also sink and become of little or no value to the plaintiff, and that further, by reason of the sinking of the five acres, the value of all of the rest of plaintiff's farm had been damaged either to the extent of fifteen or twenty per cent of the value just prior to the said subsidence of the surface thereof, or from forty to sixty dollars per acre. Whatever might be our view, if we were possessed of jurisdiction to settle the amount of damages, the record as we have outlined it above does not indicate that the size of the verdict is such that we would be warranted in

setting it aside as being the result of passion or prejudice of the jury.

As to plaintiff's count for injunctive relief, defendant urges that plaintiff's case is entirely devoid of any principle of equity or any testimony authorizing the injunction in this case. We readily concede that the foundation of the jurisdiction of equity to grant injunctions rests on the probability of irreparable injury and the inadequacy of pecuniary compensation, and that when facts are not shown to bring a case within these conditions the relief will be refused.

We are inclined to the view, however, that under the record before us the chancellor below properly granted plaintiff injunctive relief. There is testimony that the eastern portion of plaintiff's farm abuts the town of Farber and that a part of plaintiff's farm has prospective value for town lots; further that out of seven acres which the defendant admitted it had mined clay under plaintiff's land, already a surface of from three to five acres had sunk beneath the natural level, and likewise that the rest of the surface of the land under which mining had been done would in all probability sink. In addition the defendant admitted that it was its intention to continue to mine the clay under plaintiff's farm in the same manner that it had done theretofore, which manner of mining the jury in the count for damages found was responsible for the sinking of the surface of plaintiff's land.

In light of this situation there is authority supporting the action of the chancellor in granting the injunctive relief which but in effect required defendant to comply with its legal duty to plaintiff. [C. & A. R. R. Co. v. Brandan, 81 Mo. App. 1; Southwest Mo. R. R. Co. v. Morning Hour Mining Co, 138 Mo. App. 129, 119 S. W. 982. See also Kansas City Southern R. R. Co. v. Sandlin, 173 Mo. App. 384, 158 S. W. 857.] The decree enjoins defendant from continuing to undermine plaintiff's surface "in the manner it is now mining," which manner it has been determined is resulting in the sink-

ing of the surface of plaintiff's land, ''or in any other manner that will endanger plaintiff's right to subjacent support,'' for the surface of his land.    Under this decree defendant may continue mining, whether it is by leaving larger portions of the clay as support, or adopting ''some other method.''

Finding no errors in the record prejudicial to the rights of defendant, the judgment should be and is hereby ordered affirmed. *Daues, P. J.,* and *Nipper, J.,* concur.