BLUMENTHAL, Respondent, v. KURTH, Appellant.

1. Where a new trial is granted on the motion of defendant, on condition that defendant pay the costs, there is no irregularity in allowing the plaintiff to amend the judgment (as by giving judgment for the possession of land, in accordance with the verdict of the jury, where, through inadvertence, a judgment for costs alone had been entered) after the order for the new trial is made and before the costs are paid.

2. Where an order granting a new trial to a defendant, on condition of his paying costs, is after the lapse of several terms and before the payment of the costs by defendant, vacated on the motion of plaintiff; *held*, that defendant is not entitled to notice of this motion.

*Appeal from St. Louis Circuit Court.*

The facts are stated in the opinion of the court.

*Krum & Harding*, for appellant. 1. The Circuit Court committed error in vacating the previous entries, and at April term, 1843, rendering a different judgment against the appellant, without notice to him, and no appearance on his part, and that, too, after a new trial had been granted. 2. There was also error in vacating the order granting a new trial. This proceeding, too, at April term, 1854, was without notice to the appellant, and there was no appearance on his part. The amendments complained of were not as to matters of form, but of substance. (R. S. 1845, art. 6, p. 826; 7 Mo. 320; 8 id. 334; Tidd's Prac. 760.) 3. Notice should have been given of the motion to amend the record. (R. S. 1845, p. 826, art. 6; 1 Dunl. Pract. 295; 6 Call, 12.)

*Dick*, for respondent. 1. This appeal was not taken in time to be heard by this court. (Code of Practice, 1849, art. 19, sec. 8.) 2. The court committed no error in amending the

record by making the judgment conform to the verdict. (1 Mo. 16, 110 ; 5 Burr. 2730 ; Hardin, 64 ; 4 Conn. 77 ; 3 T. R. 350 ; 2 Str. 786, 1132, 1156 ; 10 Maine, 278 ; 1 Tidd's Pract. 662 ; 2 id. 862–3 ; 5 Mo. 214; 19 Mo. 158, 415 ; 16 Mo. 225 ; Sess. Acts, 1849, p. 87 ; R. C. 1845, p. 827, 906 ; 1 Gall. 260 ; 2 Bibb, 88 ; Grah. Pract. 667 ; 6 Ired. 425 ; 5 Ired. 12 ; 18 Maine, 186 ; 1 Humph. 379, 380 ; 1 Scam. 122 ; 3 Ala. 609, 632.)

Scott, Judge, delivered the opinion of the court.

This suit was brought to the November term, 1851. At the April term, 1852, on the 6th day of October, there was a trial in the absence of the defendant, and a verdict was rendered for the plaintiff. On the day following, a judgment for costs was entered against the defendant. During the same term, on the 16th October, the judgment against Kurth was set aside, on the condition of his paying the costs of the trial, and the plaintiff took leave to file an amended petition on or before the next term of the court. At the November term, 1852, on the 18th of December, the defendant moved the court to set aside so much of the order granting him a new trial as imposed the condition of the payment of costs. At the same term, on the 13th February, 1853, this motion was overruled, and the defendant excepted, and, in the following vacation, on the 12th March, obtained an appeal from the clerk of the court to the Supreme Court. Afterwards, at the April term, 1853, on the 22d October, the plaintiff, on motion, had his judgment amended so as to make it formal. At the April term, 1854, on the 11th of May, the plaintiff moved the court to vacate the order setting aside the first judgment and granting a new trial, because the defendant had failed to comply with the condition on which it was granted, and afterwards this motion, on the 16th of May, was sustained, and the motion for a new trial was overruled, and the defendant appealed to this court.

In England, the payment of costs, on the granting of a new

trial, is conditional, and until the order for the payment of them is complied with, no new trial can be had. (Tidd, 824.)

As the new trial was granted conditionally, there was no irregularity in the plaintiff in amending his judgment after the order for the new trial was made and before the costs were paid. The amendment was a formal one, and could not possibly have prejudiced the defendant. It was due to the orderly administration of justice, that it should have been done. Notice would have been of no avail to the defendant, and the 6th article of the practice act, (R. C. 826, sec. 2,) is not applicable. When the order granting a new trial was vacated, the defendant was or ought to have been in court ; he was aware of his default ; his conduct had been vexatious, and there is no reason why he should have had notice of such motion. After the great delay in the payment of the costs, he must have known that he would not always be permitted to keep the plaintiff waiting on him.

The other judges concurring, the judgment will be affirmed.