LA RIVIERE v. LA RIVIERE *et al., Appellants.*

1.  **Identity of Name** is competent evidence of identity of person.

2.  **Indian Marriages.** The principles announced in *Johnson v. Johnson's Admr.*, 30 Mo. 72, and *Boyer v. Dively, Admr.*, 58 Mo. 510. in regard to the marriages of white persons with Indians, approved.

3.  **Ejectment:** TENANTS IN COMMON: PLEADING: OUSTER. In an action of ejectment by one tenant in common against another, the ouster is admitted by a general denial, but the admission does not extend to the date of the ouster as alleged in the petition.

4.  **Practice:** AMENDMENT OF JUDGMENT. Pending a motion in arrest, it is not error to permit a dismissal as to a married woman and a

corresponding amendment of a judgment which has been rendered against such woman and other defendants.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

This was an action of ejectment, commenced December 14th, 1875. The ouster was alleged in the petition to have occurred May 2nd, 1872. The answer was the statutory general denial. It was conceded that the title to the land in dispute had been in Mary La Riviere, who died intestate leaving, as her surviving children, John La Riviere, Mary, wife of William Johnson, Genevieve, widow of William H. Munsa, Theresa, wife of Michael Badeau, and Antoine La Riviere. Plaintiffs claimed to be the children of Antoine by a marriage with an Indian woman. The identity of the Antoine La Riviere, the son of Mary, with the Antoine who intermarried with the Indian woman, the validity of this marriage, and the legitimacy of the plaintiffs as their children, were the questions at issue upon the trial.

The instructions given on behalf of plaintiffs, were as follows:

1. If the jury find for plaintiffs they will find that they are entitled to the possession of an undivided fifth part of the property described in plaintiffs' petition, and they will further assess their damages for the detention of said property from them at one-fifth of the value of the rentals of said property from the 2nd day of May, 1872, to the present time.

2. If the jury believe from the evidence that Antoine La Riviere was married to the mother of plaintiffs, in the Indian country, according to the Indian customs, and that from the time of his said marriage with the mother of plaintiffs, he held her out to the world as his wife, and lived with her as such; that both before and after the death of their mother, he treated plaintiffs as his lawful children,

3 —77

then his marriage was a valid marriage, and the jury must find for plaintiffs, provided they also find that the Antoine La Riviere through whom they claim is their father, and identically the same Antoine La Riviere formerly of St. Louis, and child of Pierre La Riviere and Mary, his wife.

3. Identity of name is evidence tending to show identity of person, until some other person is pointed out, to whom the name might have been applied.

4. If the jury believe from the evidence that the plaintiffs are the children of Antoine La Riviere and of the woman with whom he cohabited in the Indian country, and that the said Antoine La Riviere and the said woman are both dead, they are instructed that the legitimacy of plaintiffs being called in question, they should give every reasonable presumption in favor of their legitimacy not necessarily excluded by the evidence.

5. Cohabitation as husband and wife, between a man and a woman, is presumed to be lawful until shown to be otherwise.

6. If the jury believe from the evidence that Antoine La Riviere was married in the Indian country according to Indian customs, his marriage is a valid marriage, although by such Indian customs, it was dissoluble at the will of either party during their lifetime.

The instructions given for defendants, were as follows:

1. The declarations of Antoine La Riviere as to his relatives in St. Louis or to the defendants, are to be disregarded in the consideration of a verdict, and are not to be weighed unless the jury believe them to have been made by the very same Antoine who was a brother of defendants.

2. For plaintiffs to recover, three things must have been by the evidence established: 1st, That the Antoine La Riviere, through whom they claim, is identically the same Antoine La Riviere formerly of the city of St. Louis and child of Pierre La Riviere and of Mary, his wife, before her marriage Mary Labadie; 2nd, That plaintiffs are

his children; 3d, That they are children of a marriage, and not the fruits of an illicit intercourse had with their mother by said Antoine La Riviere. If any one of these three facts have not been by the evidence established, the jury must find for the defendants.

3. Though the jury must believe from the evidence that Antoine La Riviere lived and cohabited with the mother of plaintiffs, had by her children, the plaintiffs, treated her with kindness and affection, spoke of her in terms of endearment and even introduced her as his wife, this is not conclusive evidence that there was in fact a marriage between them, and if the jury believe in fact that they were not married, the jury must so find.

4. If the jury believe from the evidence that at the commencement of the intercourse between plaintiffs' mother and Antoine, their intercourse was illicit, then the law presumes such illicit intercourse to have continued, and there must be evidence to show that its character was subsequently changed, and the burthen of making the proof of such change devolves upon the plaintiffs.

Defendants asked for the following instructions, which were refused :

5. Evidence that Antoine La Riviere and the mother of plaintiffs were married according to the Ponca fashion, is no evidence of the legitimacy of the marriage, there being no proof that they were married in the Ponca nation, or on the Ponca reserve, and the jury must, therefore, find for defendants.

6. If the jury believe from the evidence that plaintiffs claim through a supposed marriage of their parents, according to the form in vogue among the Ponca Indians, and when both parents were residents of the Ponca nation or tribe, and that in fact no marriage exists among the Ponca Indians, and in lieu thereof there exists an agreement between parties to cohabit with each other as long as both are consenting, and with right of either, at any time, of mere caprice, and without formality, to abandon the

relation with each other, whereupon it becomes a perfect nullity, obligatory on neither, then such cohabitation with each other is no presumption of a marriage in law, and the jury will find accordingly.

7.   Although the jury find from the evidence that said Antoine and plaintiffs' mother cohabited together as man and wife, and plaintiffs are the fruits of their sexual intercourse with each other; that Antoine and plaintiffs' mother treated plaintiffs as their legitimate children, and treated each other as husband and wife, introducing each other as such to other persons, still, if the jury further find from the evidence that such cohabitation commenced and was continued always without any marriage between said Antoine and plaintiffs' mother, then the presumption of a marriage between them because of their cohabitation with and treatment of each other is destroyed, and the contrary presumption arises, that such continued cohabitation and treatment of each other was without the sanction of marriage, and they will find against the existence of the marriage, unless the jury believe that such a marriage has been proven by other evidence than the cohabitation of the parties and their treatment of each other and of the children.

8.   If the jury believe from the evidence that Antoine La Riviere, through whom plaintiffs claim as heirs, was really their father, that prior to the birth of any of the plaintiffs he lived with their mother in a state of adultery or concubinage, then if they lived together afterward, the law presumes that they so continued to live in adultery or concubinage, and it devolves upon the plaintiffs to prove to the satisfaction of the jury, that they were subsequently lawfully married, and in the absence of such proof, they must find that said Antoine and the mother of plaintiffs were not married.

*Alex. J. P. Garesche* and *Charles A. Winslow* for appellants.

*I. D. Foulon* for respondents.

SHERWOOD, J.—Ejectment by tenants in common against their co-tenants for one-fifth of certain premises situate in the city of St. Louis.   The plaintiffs claim as heirs of their father, Antoine La Riviere, their mother being a three-quarter blood Ponca Indian woman.   The contention in the trial court by the defendants, was on two points : 1st, That the father of plaintiffs was not the Antoine La Riviere who was the son of Mary La Riviere, deceased.   2nd, That even if he were the same person, plaintiffs could not recover by reason of the invalidity of his marriage with the mother of plaintiffs.

## I.

The question of the identity of the father of plaintiffs with the Antoine La Riviere who was the son of Mary La Riviere, was submitted to the jury under unexceptionable instructions, and upon sufficient evidence, and their verdict on the point is consequently conclusive.

## II.

The same may be said touching the question of the validity of the marriage of plaintiffs' father.   The principles announced by this court respecting the marriage of whites with Indians, in the cases of *Johnson v. Johnson's Admr.*, 30 Mo. 72, and *Boyer v. Dively, Admr.*, 58 Mo. 510, were fully and correctly applied to the facts of the case at bar, by the instructions given, and no more need be said.

## III.

The defendants, by controverting the title of plaintiffs, thereby admitted the ouster, and superseded necessity of proof thereof.   *Peterson v. Laik*, 24 Mo. 541; Sedgwick & Wait Trial of Title to Land, § 209; *Miller v. Myers*, 46 Cal. 535; *Greer v. Tripp*, 56 Cal. 209; *Harrison v. Taylor*, 33 Mo. 211.   The answer of defendants, being a general one,

must then under the authorities be regarded as an implied admission of the ouster; for it is not permissible for a co-tenant in an ejectment suit to have the benefit of disputing the title of his co-tenant, the plaintiff, and still at the same time have the benefit of denying the ouster. He cannot have such cumulative advantages; he cannot in one breath deny the co-tenancy and claim the benefit of the relation. And, as a matter of course, if the answer of the defendants in the present case is to be regarded as an admission of the ouster, it is an admission of the ouster as laid in the petition of plaintiffs, so that there was nothing improper in the trial court taking the date of that ouster as the correct one in instructing the jury.

## IV.

We find no fault with the trial court in permitting the plaintiffs, pending the motion in arrest, to dismiss as to defendants Mary Johnson and Theresa Badeau, and in permitting the judgment to be amended accordingly. *Jackson v. Bowles,* 67 Mo. 609; R. S. 1879, § 3570; *Blaisdell v. Steamboat Wm. Pope,* 19 Mo. 157; *Blumenthal v. Kurth,* 22 Mo. 173; *Webster v. Blount,* 39 Mo. 500.

For these reasons we affirm the judgment.

*On Motion for Rehearing.*

SHERWOOD, J.—Upon more mature consideration and a re-examination of the authorities, we are satisfied that the implied admission of the ouster did not admit also the date thereof alleged in .the petition. Therefore judgment reversed and cause remanded.