## FALCONER v. ROBERTS, *Appellant.*

1. **Ejectment by Tenant in Common**: PLEADING. In an action of ejectment by one tenant in common against his co-tenant, under a petition in the ordinary form as prescribed by the statute, a recovery may be had where the proof shows an ouster or act amounting to a total denial of plaintiff's right.

2. **The Evidence** in this case held sufficient to warrant the finding of the trial court that defendant had ousted and excluded plaintiff from the possession of the premises.

3. **Ejectment**: RENTS AND PROFITS : DAMAGES. In an action of ejectment by one tenant in common against his co-tenant, where plaintiff recovers possession of an undivided one-third of the premises, he is also entitled to recover damages, rents and profits from the

date of the ouster, subject to the limitations in section 2252, Revised Statutes.

4. The amount of damages, rents and profits assessed by the court held to be correct under the evidence.

*Appeal from Carroll Circuit Court.*—J. L. MIRICK, Esq., Special Judge.

AFFIRMED.

*Hale & Sons* for appellant.

(1) The court erred in assessing the damages. There is no evidence that the land not in cultivation was worth anything. See sec. 2252, R. S. ; *Robidoux v. Casseleggi*, 81 Mo. 459. (2) The instructions for plaintiff, if given by the court as shown by the record, are wholly unauthorized by the law or the facts. (3) Defendant's first instruction should have been given. Plaintiff cannot recover on this petition against his co-tenant. *Northrup v. Wright*, 24 Wend. 221 ; *Lapeyre v. Paul*, 47 Mo. 586 ; *Warfield v. Lindell*, 30 Mo. 272 ; *Ragan v. McClurg*, 29 Mo. 356. The answer being a general denial, is not evidence of the ouster at the time alleged in the petition. *La Riviere v. La Riviere*, 77 Mo. 512. (4) Defendant's third instruction should have been given. Plaintiff cannot recover damages, rents and profits based wholly on the improvements which his co-tenant had made. G. S., ch. 151, secs. 20, 22 ; *Fenwick v. Gill*, 38 Mo. 510. (5) The court erred in refusing to give the fourth and fifth instructions asked by defendant. Defendant was not liable for rents and profits. 1 Wash. on Real Prop. [4 Ed.] p. 662, secs. 3, 15 ; *Sargent v. Parsons*, 12 Mass. 149 ; *Calhoun v. Curtis*, 4 Met. 413 ; *Keisel v. Earnest*, 2 Pa. St. 90 ; *Kline v. Jacobs*, 68 Pa. St. 57 ; *Israel v. Israel*, 30 Md. 120 ; 60 Barb. 163 ; 52 Ill. 332. (6) There is nothing in the record to show an ouster. Possession alone for an unlimited time does not

constitute an ouster.    There must be open and notorious
acts of exclusive ownership.    *Warfield v. Lindell*, 30
Mo. 272 ; 38 Mo. 583.    Trespass or ejectment cannot be
maintained by one co-tenant against another unless he
has been actually ousted or expelled from the premises.
*Murray v. Hall*, 7 C. B. 441, 554 ; *Stilloway v. Brown*,
12 Allen, 37.

*Lewis A. Chapman* for respondent.

(1)  The court did not err in estimating the monthly
rents and profits.    (2) The court properly refused the
first instruction asked by defendant.    The ouster in the
case was admitted by the generel denial ; but there was
plenty of evidence of an ouster, a portion of which de-
fendant has left out of his abstract.    *La Riviere v. La
Riviere*, 77 Mo. 512 ; *Peterson v. Laik*, 24 Mo. 514 ;
Sedgwick and Wait's Trial of Titles to Land, sec. 283, p.
168 ; *Siglar v. Van Riper*, 10 Wend. 414 ; *Harrison v.
Tabor*, 33 Mo. 311 ; *Miller v. Myers*, 46 Cal. 535 ; *Greer
v. Tripp*, 56 Cal. 209.  No proof of actual physical force
or turning out by the "shoulders" or the "heels" is
necessary.    *Gale v. Hinds*, 17 Fla. 773 ; *Doe v. Prosser*,
Cowper, 217.    The court had a right to infer an ouster
from the evidence of a demand of possession, and a re-
fusal on the part of the defendant which was uncontra-
dicted.    *Miller v. Myers*, 46 Cal. 535 ; *Greer v. Tripp*,
56 Cal. 209 ; Sedgwick and Wait's Trial of Titles to Land,
p. 168, sec. 283.    The denial of plaintiff's title, accom-
panied by an exclusive claim of possession, and receipt
of the whole profits, is sufficient to establish an ouster.
*Alexander v. Kennedy*, 19 Texas, 488 ; *Siglar v. Van
Riper*, 10 Wend. [N. Y.] 414 ; *Humbert v. Trinity Church*,
24 Wend. 587.    (3) Defendant has no right to complain
of the court's refusal to give the fourth and fifth instruc-
tions asked by him.    He could not recover in this action
for the improvements, and certainly not without proving

their value and asking for them. Wash. on Real Prop.,
645, 653; *Deck's Appeal,* 57 Pa. St. 472; *Israel v.
Israel,* 30 Md. 128. Defendant made these improvements
with full knowledge that another party owned one-third
interest in the land.

RAY, J.—This is an action of ejectment to recover
certain described land in Carroll county, Missouri. The
petition is in the usual form. The answer admits the
possession of defendant, and is otherwise a general de-
nial. The cause was tried before Hon. John L. Mirick,
sitting as a special judge, and was tried by the court
without the intervention of a jury. The court found for the
plaintiff for an undivided one-third of the land described
in the petition; assessed the damages at the sum of two
hundred dollars, and the rents and profits at the sum of
$16.66⅔ per month, and rendered judgment in the usual
form from which defendant has appealed.

Plaintiff and defendant are tenants in common in
the premises in suit, the plaintiff being the owner of an
undivided one-third interest in the land, and the defend-
ant the owner of the undivided two-thirds interest therein.
This, however, does not appear by the pleadings, but only
by the evidence in the cause. The plaintiff in his peti-
tion does not set out the true interests of the parties,
either plaintiff or defendant, according to their respective
titles, but claims the whole tract and the right of pos-
session to the whole tract; and it is contended in the
first place for defendant that he cannot recover under
such a petition, which treats the defendant as a trespasser
and stranger, and wholly ignores the rights of defendant
and the relation of co-tenancy. As to this it may be
said, that the action of ejectment is a remedy afforded
by the law where one tenant in common has been dis-
possessed by his co-tenant from the whole or any portion
of the lands held in common. Our statute declares what

the petition shall contain by way of necessary averments in actions of ejectment, and the petition in this case is in the prescribed form and contains the allegations required by the statute. Where the action, as in this case, is by one tenant in common against his co-tenant, section 2248 provides that plaintiff shall be required to show on the trial that the defendant actually ousted him, or did some act amounting to a total denial of his right as such co-tenant. Where, then, such action is authorized, the form prescribed therefor is a sufficient statement of plaintiff's cause of action, and if upon the trial between co-tenants the proof shows the ouster or act amounting to a total denial of plaintiff's right, a recovery may be had by one tenant in common against his co-tenant under a petition in the ordinary form prescribed for the action of ejectment. The principal question to be determined in the case is whether the defendant has excluded or ousted plaintiff from the possession of the common estate. As to this it is suggested and contended by plaintiff that defendant's answer of general denial is an admission that his possession is adverse and equivalent to a confession of ouster superseding the necessity of proof on the trial. *La Riviere v. La Riviere*, 77 Mo. 512; 24 Mo. 541; 33 Mo. 211.

If plaintiff had declared on his title as it in fact was, and demanded possession of his true interest, there could be no doubt that such denial in the answer would have been an admission and sufficient evidence of ouster. The petition, however, being in the usual form employed in actions of ejectment, ignores the relation of co-tenancy and treats the defendant as an entire stranger and trespasser, and claims the right to the sole and exclusive possession of the whole tract. The answer denies these allegations and it is, to say the least of it, doubtful whether there is under this state of facts any denial of the co-tenancy which is not charged to exist in the petition, and in which there is no demand of the possession

according to the plaintiff's true interest. We need not decide, however, whether the rule approved in cases *supra* applies in this case, as our conclusion is not based in whole or in part upon that ground. The evidence offered upon the trial shows, we think, an ouster and total denial of plaintiff's right within the meaning of the law. The bill of exceptions says among other things the plaintiff, by witnesses and a letter from defendant to him, produced evidence "tending to prove that plaintiff after he had purchased the undivided interest in the land, demanded of the defendant his interest therein, and that he have and be let into possession of his portion of said land, and that defendant refused to surrender to plaintiff any part of the land." The defendant did not offer any evidence tending to prove that such demand was not made by plaintiff, or that defendant had not refused to comply therewith, but as to this relies upon the insufficiency of the evidence as a matter of law to establish the ouster.

Plaintiff had not, it is true, any right to any particular portion of the land, but his demand to be let into the possession of the premises, and to which he was as much entitled as defendant, must be held and construed to mean a demand of possession according to his right as tenant in common, and this demand followed by a refusal on the part of defendant to comply therewith, is satisfactory evidence of an ouster. The letter of defendant to plaintiff to which reference is made, is not in the transcript nor the substance given, but it may be remarked as to this that the court having the letter before it, gave a declaration of law that the letter read in evidence, in regard to defendant's claim to the land in suit, was of itself sufficient to constitute ouster of plaintiff. We see nothing in the record authorizing us to question or disturb the finding of the trial court, that the defendant, who was in the sole and exclusive possession of the entire tract, had refused to suffer the plaintiff to occupy with

him as his co-tenant, and had, therefore, ousted and ex-cluded plaintiff from the possession.

Some question is made as to the plaintiff's right to recover damages and rents and profits in this action, but if plaintiff had the title and was entitled to recover his undivided third interest in the land, he was entitled to recover also damages and rents and profits from the date of the ouster. Where the plaintiff prevails in the action of ejectment, damages and rents and profits follow under the provisions and subject to the limitations in section 2252, Revised Statutes. Objection is made also to the amount of damages assessed. The calculation which defendant claims to be correct, excludes the forty acres not in cultivation upon the theory that the evidence does not show the land not in cultivation to be of any value. Plaintiff's evidence, however, estimates the land, that is the entire tract, and on the average at $2.50 per acre, whereas the estimate made by defendant's witnesses is about the same, but is confined to the cultivated land. The trial court has adopted the former basis in the assessment of damages and the sum of two hundred dollars for one year from date of suit to the date of judgment is on this theory correct, for the undivided third of the two hundred and forty acres and the sum of $16.66⅔ as the value of monthly rents and profits is on this basis likewise correct. We see no such error in the court's action in the matter of giving and refusing declarations of law as calls for and requires us to reverse the judgment upon that ground. Even if some of them are to some extent inaccurate, yet the judgment is, we think, manifestly for the right party and should not be disturbed, and is accordingly affirmed. All concur.