CITY OF ST. LOUIS, *Appellant*, v. LACLEDE GAS LIGHT COMPANY.

**Tenancy in Common**: DEDICATION TO PUBLIC USE BY CO-TENANT. One tenant in common cannot dedicate the common property to public use without the consent of his co-tenants so as to affect the rights of the latter.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

*C. & C. E. Gibson* for respondent.

BLACK, J.—This is an action of ejectment to recover a strip of land claimed to be a part of Howard street. Thomas J. Payne and his four brothers inherited this and other property, and the brothers conveyed to him. Thereafter, and in 1831, Thomas J. Payne made a deed to Samuel McKee by which he conveyed two parcels of land each fronting on the Mississippi river and extending back westward, one, one hundred and thirty-four and the other one hundred and sixty-seven feet. There was a strip of land fifty-eight feet wide between the above-described parcels; and by the same deed, Payne conveyed to McKee the undivided one-half of this third strip; and this is the parcel of land now in dispute. This deed from Payne to McKee was signed by both parties, and they granted to each other, their heirs and assigns, the free passage and right of way over this third parcel. A plat of the three parcels is attached to the deed, with a certificate of the surveyor thereon by which

he says he surveyed from Payne to McKee two lots of ground with a street between them.

After the date of that deed, and in 1832, Thomas J. Payne made and filed a plat of Payne's addition by which the parcel of land in suit is designated as Howard street; the plat undertakes to dedicate the property to public use. In 1859 the heirs of McKee conveyed to McDowell and Rapp, who made a deed of trust on the same property to secure a part of the purchase price, and under which the McKee heirs purchased back the property in 1862. In 1866, they sold to Schulenburg, who conveyed to the defendant in 1872. These deeds convey the two parcels of land with covenants of warranty and also the ground covered by Howard street produced, the property in suit, but without covenants of warranty.

The defendant, though thus claiming through the heirs of McKee, objected to some of the deeds to Thomas J. Payne from his brothers, because of alleged defective acknowledgments, and put in evidence subsequent quit-claim deeds from the same brothers; but it will be assumed, for all the purposes of this case, that the deeds to which defendant made the objections are good and sufficient. Samuel McKee and Thomas J. Payne then became tenants in common of the parcel of land in dispute in 1831, before Thomas J. Payne made the plat and thereby attempted to dedicate the property to public use. It is true that each gave to the other a right of way over this strip of land, but that did not make it a public highway. The surveyor's certificate attached to the plat, made a part of the deed, does speak of this parcel as a street, but it is clear that Payne and McKee did not by this deed devote the property to public use; at most they only made the property a private way. Thomas J. Payne, as a tenant in common, could not dedicate the common property to public use without the consent of McKee, his co-tenant. Perhaps one tenant in common may himself be estopped to deny his grant of an easement in the common property; but he cannot create

an easement in such property as against his co-tenant. *Scott v. State,* 1 Sneed, 630 ; *Crippen v. Morse,* 49 N. Y. 673 ; Wash. on Eas. & Serv. (3 Ed.) p. 184 ; *McBeth v. Trabue,* 69 Mo. 658.

Unless therefore, McKee, his heirs or grantees have in some way consented to the appropriation of the property to public use, the attempted dedication by Payne amounts to nothing as against them. The evidence shows that, as far back as 1845, the McKee heirs leased the property in suit to Brooks & Meegan for a shipyard, and it was used for that purpose from 1853 to 1866 ; it was then used for quarrying stone therefrom until about 1870, when it was converted into a lumber-yard and used for that purpose until the defendant became the purchaser thereof. Thus the defendant and those from and through whom it claims have had adverse possession since 1845. There can be no pretense that any part of the property in suit has ever been used as a public highway. The evidence, therefore, has no tendency to show that McKee, his heirs, or those claiming under them, have ever consented to the appropriation of this property to public use.

The plaintiff has shown no right whatever to recover, and the demurrer to the evidence was, therefore, properly sustained. It is useless to discuss the other questions presented in the briefs. The judgment is affirmed. RAY, J., absent. SHERWOOD, J., takes no part in the disposition of this cause. The other judges concur.