286 S.W.2d 385 (1956)
Harry J. MACK, (Plaintiff) Appellant,
v.
Hortense Ann MACK, (Defendant) Respondent.
No. 29470.
St. Louis Court of Appeals. Missouri.
January 17, 1956.
Rehearing Denied February 17, 1956.
*386 Paul E. Fitzsimmons, Preston Quick, St. Louis, for appellant.
K. Neville Ens, St. Louis, for respondent.
WOLFE, Commissioner.
This suit was instituted to partition certain real estate that the parties held as tenants in common. The defendant answered the petition by alleging that the property was not subject to partition by reason of a contract entered into at the time that the parties were divorced. The court held that the property was impressed with a trust until the youngest child of the parties reached the age of eighteen years or until Hortense Ann Mack remarried, and dismissed the petition for partition. From the judgment so entered the plaintiff prosecutes this appeal.
The appeal was first taken to the Supreme Court which held that it was without jurisdiction since title to real estate was not involved within the meaning of the Constitution, wherein it gives the Supreme Court jurisdiction of appeals in such actions, and the case comes to us by transfer. Mack v. Mack, Mo.Sup., 281 S.W.2d 872.
The property involved is a city lot upon which is located a brick bungalow. It is a one-family residence and the parties with their four minor children lived there and held title to the property as tenants by the entirety up to the time of their divorce on June 10, 1953. After the divorce the defendant and the children continued to live there. A year later the plaintiff brought this partition suit and the defendant answered *387 by asserting that an agreement had been reached at the time of the divorce whereby the plaintiff agreed to allow the defendant to live in the house with their children.
Harry J. Mack testified that he brought suit for a divorce from his wife and that she filed a cross bill. At the time that the case came on for trial the parties and their attorneys were called into the judge's chamber to see if an agreement on a property settlement could be reached. There was a discussion, between counsel and the parties at this conference, which resulted in Mack agreeing to pay $30 a week to his wife for the support of their four children who ranged in age from 5 to 14 years. Mack also agreed to allow Mrs. Mack and the children to live in the house that he and his wife owned, and agreed that he would pay the taxes and insurance premiums on the property. Mack was interrogated on cross-examination about what was said in relation to alimony for Mrs. Mack. His interrogation and answers were as follows:
"Q. Then you heard me ask about what alimony would be paid Mrs. Mack about her alimony allowance? A. Yes, but wasn't that scratched?
"Q. Yes, and what did Judge Nangle tell you? A. Now, wait a minute: After he asked about the alimony settlement for Mrs. Mack, didn't Mr. Tomasso say that Mr. Mack is willing to allow Mrs. Mack and the four minor children to live rent free in that property at 4601 Delor?
"Q. That's right. A. But that wasn't making any settlement as to how long; that wasn't making any statement how long. There wasn't any statement made there, and it is one year now.
"Q. No statement as to how long? A. There wasn't, and it has been a year since that went on."
Mack also said he recalled his wife testifying and being interrogated in the divorce case as follows:
"Q. Do you remember this question and answer: `Q. You are not asking for alimony at this time. A. No sir.' A. That's right.
"Q. `Q. You understand that if you don't ask for alimony now you can never come into court and ask for alimony? A. Yes.' `Q. You have agreed with your husband that he is willing for you to live in the home rent-free ? A. Yes sir.' Did you hear Mrs. Mack so testify? A. I heard, yes.
"Q. `Q. And he is to pay the real estate taxes and the fire and liability insurance up to eighty per cent of the value of the property? A. Yes sir.' A. How was that?
"Q. Did you hear that question and answer so given? A. Yes."
While Mrs. Mack was on the stand in the divorce case Mack said that he heard her testify that she had twenty-six war bonds of the $25 denomination and that the bonds were payable to either of the parties. He said that she testified that she was willing to give the bonds to him if she was allowed to live in the home. He stated that the bonds were delivered to his attorney and that he received them and cashed them in. He also acknowledged that he signed the following memorandum at the time the divorce case was heard:
"In the Circuit Court of the City of St. Louis, Harry J. Mack vs. Hortense Ann Mack, No. 63768-D, Room 15, June 10, 1953. Memorandum for Clerk: `Decree for defendant with custody of four minor children; Plaintiff ordered to pay defendant $7.50 per week for the support of each child, being a total of $30.00 per week; Plaintiff ordered to pay defendant's attorneys, Johnson & Ens, the sum of $150.00 for defendant's attorneys fees.
"`Stipulation agreed to whereby plaintiff agrees to allow defendant and four minor children to live, rent-free, in the real estate owned by parties at 4601 Delor St., St. Louis, Mo. and *388 whereby plaintiff agrees to pay all real estate taxes and insurance premiums on fire and extended coverage and liability insurance.'
"Signed by Harry J. Mack and Hortense Ann Mack."
The foregoing was the plaintiff's case, and the defendant testifying in her own behalf told of the conference about a property settlement and stated that it was said by the judge in her husband's presence that she could remain in the home until she remarried. She said that she knew that she was waiving alimony and that she gave her husband the bonds mentioned which had a maturity value of $650. The witness also stated that her husband was paying the support money awarded and that she was receiving in addition to that some aid for dependent children.
Upon the foregoing evidence the court decreed that the real estate was "impressed with a trust for the occupancy of such realty by defendant, Harriet Ann Mack and their four minor children namely, Harriet Mack, Milton Mack, Rosemary Mack and Ronald Mack, rent-free until the youngest child reaches the age of 18 years of age, or until defendant, Hortense Ann Mack, remarries."
Since the parties prior to their divorce held their property by the entirety they became tenants in common by operation of law after the divorce. Each of them after the divorce was consequently vested with an undivided one-half interest. Gardine v. Cottey, 360 Mo. 681, 230 S.W. 2d 731, loc. cit. 738, 18 A.L.R.2d 1100; Jones v. Jones, 325 Mo. 1037, 30 S.W.2d 49; Hiatt v. Hiatt, Mo.Sup., 168 S.W.2d 1087.
It is contended by the appellant that as a tenant in common he was entitled to have the property partitioned as a matter of law and that the right of partition yields to no consideration of hardship or inconvenience. In support of this, we are cited to Mastin v. Ireland, 320 Mo. 617, 8 S.W.2d 900; Flynn v. McNeely, Mo.Sup., 178 S.W. 69; and Tureck v. Tureck, Mo.App., 207 S.W. 2d 780. To these cases appellant might also have added Stewart v. Stewart, Mo. App., 277 S.W.2d 322, but none of them has to do with a contract not to partition, which is the basis of the defense here interposed.
Partition will not be granted in violation of an express or implied agreement not to partition. Petty v. Griffith, Mo. Sup., 165 S.W.2d 412; Springer v. Bradley, Mo.Sup., 188 S.W. 175. This is a generally recognized rule and it is subject to the exception that an unreasonable restraint upon the right to partition will not be enforced. Haeussler v. Missouri Iron Co., 110 Mo. 188, 19 S.W. 75, 16 L.R.A. 220. The facts before us, however, present no unreasonable restraint and Mack had no right to partition as a matter of law.
It is contended that the court erred in sustaining objections to questions that appellant's counsel asked of appellant about facts that gave rise to the divorce. It is asserted that such facts would have shed light upon the intention of the parties and their purpose in signing the memorandum filed with the clerk. All that was in issue were the terms of the contract reached. The questions which were ruled improper by the trial court, having to do with matters giving rise to the divorce action, would not have elicited information about the contract. The court therefore did not err in sustaining objections to them.
It is conversely asserted that the court erred in admitting evidence as to the intention of the parties as the memorandum was the "best evidence". This is quite inconsistent with the prior assignment, but it is equally without force, for the testimony admitted had to do with the parol agreement reached at the time of the divorce. It should be noted that the statute of frauds as it relates to real estate transactions was not pleaded nor is any point raised relating to it. All that we have before us is a simple contract whereby Mack *389 agreed that his former wife and their children could continue to live in the home and that he would pay the taxes and insurance. In consideration for this Mrs. Mack waived alimony and surrendered the Government bonds. The memorandum filed does not purport to include all the terms agreed upon and served only to record the fact that an agreement had been reached.
There remains the contention that the court erred in decreeing that the property was impressed with a trust. Certainly nothing was given in trust, for Mrs. Mack as a tenant in common had a right to occupy the premises. Each tenant in common is equally entitled to the use and possession of the common property. 86 C.J.S., Tenancy In Common, § 25, p. 383; Metzger v. Metzger, Mo.App., 153 S.W.2d 118; Goodwin v. Costello, 240 Mo.App. 656, 212 S.W.2d 804. If the property should be sold by partition Mrs. Mack would get only her share of the proceeds and she would no longer have a home for herself and children, so it appears most obvious that when Mack agreed that she could continue to live there, there was an implied agreement not to partition. This was sufficient ground for the court to dismiss Mack's petition. Petty v. Griffith, supra; Springer v. Bradley, supra.
The elements of a trust do not appear to be present. To impress the trust decreed upon the real estate Mrs. Mack would have had to agree to hold the property in trust as a home for the children until the youngest reached the age of eighteen or until she remarried, for she had as much interest in the property as her husband. This she did not agree to do, and understandably so, for future events might make it beneficial for herself and family to sell her interest.
For the reasons stated, it is the recommendation of the Commissioner that that part of the judgment impressing a trust upon the real estate be reversed but that the judgment denying partition be affirmed.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The judgment is accordingly reversed in part and affirmed in part.
ANDERSON, P. J., MATTHES, J., and NOAH WEINSTEIN, Special Judge, concur.