Frank W. FOSS, Jr.,
Plaintiff-Respondent,

v.

Dorothy J. CUNETTO,
Defendant-Appellant.

No. 50545.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 18, 1986.

Neil J. Bruntrager, St. Louis, for defendant-appellant.

Don B. Sommers, Inc., Prudence W. Kramer, St. Louis, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

The seed for this protracted litigation was planted in August, 1981, when plaintiff and defendant, brother and sister, became the owners of a residence in St. Louis County upon the death of their mother. In November of that year, plaintiff filed suit for partition of the property. A controversy has since developed, apparently concerning the occupancy of the residence during the pendency of this litigation.

Plaintiff has resided in California throughout the relevant years. Defendant lived at the property prior to the mother's death and for about one year thereafter. In October, 1982, defendant moved to Florida. With the permission of defendant, the property was then occupied by defendant's son, John Becker, and his family, who remained in possession at the time of the order from which this appeal is taken. It is not disputed that the fair rental value of the property is $400.00 per month. In July, 1984, defendant demanded and received $1400.00 from her son as her half of the rent for 7 months. This amount, plus an additional $400.00 for the months of August and September, 1984, are the only payments of rent made by Becker. Plaintiff has received no rent whatsoever over the years.

The partition suit was set for trial on June 29, 1983. The court was advised at that time that the parties had agreed to a sale of the property to Becker for $44,-600.00. The court heard evidence, apparently pertaining to the occupancy of the property by Becker. On July 1, 1983, the court entered the following order:

> Neither of the parties requested findings of fact or conclusions of law, and the parties by stipulation agreed to the sale of the property. The Court then does not have to partition the property and order a sale thereof.

> The Court orders from the net proceeds of the sale of the property that Mr. Donald B. Summers [sic] is paid the sum of $2,300.00 as attorney's fees. The Court orders that $2,500.00 be paid from the proceeds of the sale before division of the assets to Frank W. Foss, Jr., to settle any and all claims that he may have against Dorothy J. Cunetto and her son, John Becker. Costs of these proceeds [sic] will be taxed against Frank W. Foss, Jr.

> The remaining proceeds from the sale of the property will be equally divided between Frank W. Foss, Jr. and Dorothy J. Cunetto.

Neither party asserted any objection to the July 1, 1983 order. However, a disagreement over interpretation of the court's order regarding distribution of the sale proceeds developed. The first closing statement proposed by a title company was accepted by defendant but rejected by plaintiff. A second closing statement was conversely accepted and rejected. Despite continuing efforts by their respective attorneys, the parties did not resolve the conflict. In August, 1983, plaintiff filed a motion for "Citation of Contempt, for Order of Partition and for Order of Sale." A hearing on this motion was conducted on March 28, 1985. On May 1, 1985, the court entered the following order:

> The Order and Decree of July 1, 1983, is hereby corrected and amended as follows:

> The property known as 1214 Thatcher, Delwood, [sic] Missouri is not subject to partition in kind and therefore the Sheriff of St. Louis County is hereby ordered to sell such property at public sale to the highest bidder at the court house of St. Louis County, Missouri in Clayton, Missouri, giving due notice of such sale pursuant to law.

> The Court orders that from the proceeds of the sale, the costs, expenses and Sheriff's fee be first deducted, then the sum of $2,300.00 as and for attorneys' fees be paid to Don B. Sommers, Inc.; then the sum of $2,500.00 be paid from the proceeds of the sale before the division of assets to Frank W. Foss, Jr., $245.25 be paid to Don B. Sommers as reasonable expenses incurred in the litigation; the net proceeds, after the foregoing deductions, be divided between Plaintiff and Defendant, but that from Defendant's one half share, FOUR THOUSAND DOLLARS ($4,000.00) be deducted and paid to Plaintiff.

> Court costs to the date of July 1, 1983, shall be deducted from the share of Frank W. Foss, Jr., and court cost [sic] thereafter be deducted from the share of Dorothy J. Cunetto.

Simultaneously the trial court filed extensive findings of facts and conclusions of law. Included among the conclusions of law was the following: "The Court find [sic] the defendant in constructive civil contempt within the meaning of Rule 74.33, V.A.M.R." Defendant's first point on appeal asserts trial court error in finding her guilty of civil contempt. This point must be dismissed on jurisdictional grounds.

■ Despite the conclusion that defendant was guilty of constructive civil contempt, the judgment of the court as set forth in its order and decree is silent as regarding any adjudication of contempt, any punishment therefor, or any means by which the defendant may purge herself of contempt. This silence and the absence of any order of commitment render the court's finding of civil contempt little more than gratuitous dicta. It certainly does not

constitute a final appealable judgment of civil contempt. *See Creamer v. Banholzer,* 694 S.W.2d 497, 499 (Mo.App.1985); *Smith v. Smith,* 676 S.W.2d 65, 66 (Mo. App.1984); *Hamilton v. Hamilton,* 661 S.W.2d 82, 83 (Mo.App.1983). Defendant's first point on appeal is dismissed.

 Defendant's final point on appeal is stated as follows:

> The trial court erred in ordering defendant to pay plaintiff back rent in that there was no showing of an agency relationship and as a co-tenant, she was under no obligation to collect plaintiff's share of the rent.

We are in complete agreement with the abstract statement of legal principles set forth in this point relied on and with defendant's argument that a co-tenant who does not collect more than her proportionate share of rent has no liability for rent to the other co-tenant. However, this is totally irrelevant. The trial court did not find an agency relationship between plaintiff and defendant, nor that a co-tenant had any responsibility to collect the other co-tenant's share of rent, nor that defendant collected more than her proportionate share of the reasonable rental value of the property. Rather, the trial court concluded that defendant was personally liable to plaintiff for one-half the reasonable rent because "defendant has thwarted the efforts of Plaintiff, Plaintiff's counsel, and Defendant's own attorney, as well as the real estate agent employed by the parties to conclude [the stipulated] private sale" and that her "refusal to complete the sale to her son, whether or not in concert with her son, has effectively ousted plaintiff from possession and his share of rents from the property." It is well settled that a co-tenant who ousts the other co-tenant of his right of possession and enjoyment of the property may be accountable to the disseized co-tenant for his proportionate share of the rental value of the property. *Jeffress v. Piatt,* 370 S.W.2d 383, 386 (Mo. 1963); *Fallin v. McClain,* 647 S.W.2d 208, 210–211 (Mo.App.1983); *Goodwin v. Cos-*

*tello,* 240 Mo.App. 656, 212 S.W.2d 804, 808 (1948).

 On this appeal defendant does not challenge the finding of the trial court that her conduct constituted an effective ouster of plaintiff from possession and his share of rents from the property. "We are constrained by the rules to confine our efforts solely to the points briefed, the rules in this regard being applicable with equal force to court-tried cases as well as jury tried matters." *Kurtz v. Fischer,* 600 S.W.2d 642, 645 (Mo.App.1980); *See also Haase v. Richmond,* 570 S.W.2d 341, 344 (Mo.App. 1978).

Accordingly, the judgment of the trial court is affirmed.

SMITH and SNYDER, JJ., concur.